# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52307

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

CHARLENE LAINE SMITH,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

**Filed: September 26, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Randall S. Grove, District Judge.

Judgment of conviction and unified sentence of fourteen years, with a minimum period of confinement of four years, for forgery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Charlene Laine Smith pled guilty to forgery, Idaho Code § 18-3601. Smith also pled guilty to state income tax evasion in another case, and additional charges in both cases were dismissed in exchange for her guilty plea. The district court imposed a unified term of fourteen years with four years determinate, suspended the sentence, and placed Smith on probation for fourteen years.[1] Smith appeals, contending that her sentence is excessive.

---

[1] The district court also entered an order for restitution which is not at issue in this appeal.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Smith's judgment of conviction and sentence are affirmed.